**E-Filed 5/8/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMEED P. FARAHANI,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LITTON LOAN SERVICING, and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　Defendants. | Case Number C 09-194 JF (RS)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION TO DISMISS AND TO EXPUNGE LIS PENDENS<br><br>[re: document nos. 20, 22] |

　　　Before the Court are Defendants' motion to dismiss Plaintiff's first amended complaint ("FAC") and to expunge the lis pendens placed by Plaintiff on the subject real property. The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on April 24, 2009. For the reasons discussed below, the motion to dismiss will be GRANTED, without leave to amend. The motion to expunge the lis pendens also will be GRANTED.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-194 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND TO EXPUNGE LIS PENDENS.
(JFEx2)

## I. BACKGROUND

This action arises out of a residential mortgage transaction in which Defendants Cal-Western Reconveyance Corp, Mortgage Electronic Registration Systems ("MERS"), and Litton Loan Servicing (incorrectly sued as Litton Loan Serving) allegedly initiated an illegal non-judicial foreclosure sale . The only defendants that have been served with process are MERS and Litton Loan Servicing (collectively "Defendants").

Plaintiff Omeed Farahani ("Farahani") bought a home in Campbell, California on September 07, 2006, which he financed through Fremont Investment & Loan ("Fremont"). According to the Deed of Trust (DOT) Fremont is the "Lender," Fremont General Credit Corporation is the "Trustee," and MERS is both the "nominee" for the Lender and the "beneficiary." Request for Judicial Notice ("RJN") Exhibit 1 at 2.

After Plaintiff failed to make timely mortgage payments, a Notice of Default was recorded on July 6, 2007. RJN Exhibit 2. A Notice of Trustee's Sale was recorded on October 10, 2007. RJN Exhibit 3. Plaintiff's second mortgage was assigned, sold, or transferred from Fremont to Litton Loan Servicing ("Litton") effective June 1, 2008. According to Defendants, Litton later became a servicer of the loan. Motion to Dismiss at 3. A Trustee's Deed Upon Sale was recorded on October 24, 2008, documenting the sale of the property at public auction on October 17, 2008. RJN Exhibit 4 at 2. Plaintiff filed the instant action in the Santa Clara Superior Court on or about December 19, 2008. Defendants removed the action to this Court on or about January 15, 2009, based upon diversity of citizenship.[2]

## II. LEGAL STANDARD

**A. Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion

---

[2] There appears to be some question as to whether all named defendants in fact have diverse citizenship. However, the appearing parties are diverse, and removal to this Court was not opposed by Plaintiff.

1  to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the
2  complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421
3  (1969). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
4  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
5  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
6  of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555127 S. Ct. 1955 (2007)
7  (internal citations omitted). Leave to amend must be granted unless it is clear that the
8  complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*,
9  66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be
10 ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

11 **B.     Lis Pendens**

12      A lis pendens is a "recorded document giving constructive notice that an action has been
13 filed affecting title to or right to possession of the real property described in the notice." *Urez*
14 *Corp. v. Superior Court*, 190 Cal. App. 3rd 1141, 1144 (1987). The practical effect of a lis
15 pendens is to cloud the property's title and prevent its transfer until the litigation is resolved or
16 the lis pendens is expunged or released. *Malcom v. Superior Court,* 29 Cal.3d 518, 523 (1981).
17 "The court shall order that the notice be expunged if the court finds that the claimant has not
18 established by a preponderance of the evidence the probable validity of the real property claim."
19 Cal. Civ. Code § 405.32. "The court shall direct that the party prevailing on any motion
20 [regarding lis pendens] be awarded the reasonable attorney's fees and costs of making or
21 opposing the motion unless the court finds that the other party acted with substantial justification
22 or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Civ.
23 Code § 405.38.

24                            **III. DISCUSSION**

25 **A.     Procedural Objection**

26      "Any opposition to a motion must be served and filed not less than 21 days before the
27 hearing date." Local Civil Rule 7-3. The hearing for both of the instant motions was properly
28 noticed for April 24, 2009. Accordingly, any opposition papers should have been filed on or

3

before April 3, 2009. Opposition to Defendants' Motion to Dismiss was filed on April 16, 2009, and Opposition to Defendants' Motion to Expunge lis Pendens was filed on April 21, 2009. Plaintiff has offered no reasonable excuse for this delay. However, because it appears that Defendants are entitled to prevail on the merits in any event, the Court has considered Plaintiff's opposition papers.

**B.     Motion to Dismiss**

Non-judicial foreclosure is regulated comprehensively by California Civil Code sections 2924-2924i. *Moeller v. Lien,* 25 Cal.App.4th 822, 830 (1994). "The comprehensive statutory framework established to govern nonjudicial foreclosures sales is intended to be exhaustive." *Id* at 834. Plaintiff's opposition to the motion to dismiss is based almost entirely on provision of the California Commercial Code. The case law cited by Plaintiff that purportedly applies the California Commercial Code to transfer of a deed is inapposite, as none of the cases cited involves foreclosure of residential property. While California Commercial Code § 3301 arguably requires that the foreclosing party have possession of the underlying deed or note, such possession is not required for a non-judicial foreclosure.

A "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Cal. Civ. Code § 2924(a)(1). "[A] 'person authorized to record the notice of default or the notice of sale' includes 'an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee.'" *Candelo v. NDex West, LLC,* 2008 WL 5382259 at 4 (E.D.Cal.2008) citing Cal. Civ. Code § 2924(b)(4). The notices of default and trustee's sale recorded against the property at issue here were managed by Cal-Western Reconveyance Corporation, which is listed as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust." Notice of Default, RJN Exhibit 2 at 2. Plaintiff does not claim that the Defendants are unrelated or do not act as a beneficiary, trustee, or agents for each other. Rather, the documents incorporated by reference in the pleadings make clear that each named Defendant had a role in executing the various steps leading up to foreclosure pursuant to California Civil Code §§ 2924 through 2924i. "Upon default by the trustor, the

4

1  beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25
2  Cal.App.4th at 830.
3       Plaintiff makes five claims in his first amended complaint. The first (declaratory relief),
4  second (injunctive relief), and third (quiet title) claims are subject to dismissal because each
5  relies on the allegation that the Defendants had no authority to foreclose on the property because
6  they were not in possession of the deed.  Plaintiff concedes that claims four (wrongful
7  foreclosure) and five (specific performance as against Litton) also should be dismissed.
8  Accordingly, all five claims will be dismissed, as the entirety of the instant action is premised on
9  Plaintiff's erroneous assertion based upon the California Commercial Code. It is apparent that
10 Plaintiff cannot cure this defect by amendment. Accordingly, dismissal will be without leave to
11 amend but without prejudice to a valid claim under the proper statutory framework.

**C.    Motion to Expunge Lis Pendens**

In light of the foregoing, Defendants' motion to expunge the lis pendens also will be granted. However, in light of the totality of the circumstances and Plaintiff's apparent financial hardship, the Court declines to award attorneys' fees to Defendants at this time.

### IV. ORDER

Defendants' motions to dismiss and to expunge the lis pendens are GRANTED.  The Clerk shall enter judgment and close the file.

DATED: 5/7/09

_____
JEREMY FOGEL
United States District Judge

5

Case No. C 09-194 JF (RS)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(JFEx2)

1  Copies of Order served on:

2  Harold R. Jones         hrj@severson.com

3                          ano@severson.com

   Regina Jill McClendon   rjm@severson.com
4                          ksb@severson.com

5  Tracy Lee Wood          tracyleewood@yahoo.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 09-194 JF (RS)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
(JFEx2)